UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CAUSE NO. 1:06-CR-39-TLS |
| | ) | |
| TOMMY E. BLAIR, et al. | ) | |
| | ) | |

**OPINION AND ORDER**

**A.    BACKGROUND**

On September 27, 2006, a nine count superceding indictment was filed against Defendants Tommy Blair, Paul Blair, and Christina Blair (a/k/a Christina Langel) for conspiring to defraud AIG. Trial is currently set for February 27, 2007.

On October 30, 2006, the government filed a proffer and notice that it intends to offer at trial the testimony of an unindicted co-conspirator of the Defendants. The co-conspirator's testimony recalls conversations between the Defendants and the co-conspirator regarding the alleged conspiracy. According to the government's proffer, Tommy Blair asked his niece, Christina Blair, to get saliva samples and names of other people so he could set up insurance policies in order to get a sale bonus. He promised that she would get some of the benefit of this bonus. Tommy Blair and Paul Blair asked the co-conspirator to provide saliva samples and names so Tommy Blair could set up insurance. Tommy Blair and Paul Blair discussed using Paul Blair's company name to list insured employees. They also discussed using fictitious business names and setting up post office boxes.

On November 1, 2006, Defendant Christina Blair filed this motion to compel, which seeks the disclosure of the co-conspirator's statements. The government replied on November 15, 2006.

**B.**     **DISCUSSION**

Federal Rule of Criminal Procedure 16(a) lists the information the government must disclose to a criminal defendant. The government must disclose oral statements of a defendant made in response to interrogation by a person the defendant knew to be a government agent. Fed. R. Crim. P. 16(a)(1)(A). The government must also disclose "any relevant written or recorded statement by the defendant" if it is in the government's control and the government knows the statement exists." Fed. R. Crim. P. 16(a)(1)(B). Rule 16 does not "authorize the discovery or inspection of statements made by prospective government witnesses except as provided in 18 U.S.C. § 3500." Fed. R. Crim. P. 16(a)(2). Title 18 U.S.C. § 3500(a) states that

> In any criminal prosecution brought by the United States, no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpena, discovery, or inspection until said witness has testified on direct examination in the trial of the case.

18 U.S.C. § 3500(a).

At issue is whether Rule 16 requires the government to disclose the statements of a government witness that may be attributed to co-conspirator defendants. The Defendant argues that because the government claims that its witness's statements constitute admissions of the Defendant, and Rule 16 requires disclosure of statements made by the Defendant, the co-conspirator's statement must be disclosed. The Defendant offers no case law in support of this position.

The government correctly argues that its witness's testimony need not be disclosed even though it concerns the Defendant's statements. The statements made by the Defendant were not made to a known government agent and were not recorded or in writing. The discovery requested constitutes statements made by a prospective government witness and is not authorized by Rule 16. The requested discovery will be allowed only in accordance with 18 U.S.C. § 3500.

This result accords with the view accepted by the circuits that have considered the

question. *See United States v. Tarantino*, 846 F.2d 1384, 1418 (D.C. Cir. 1988) (citing cases). In *Tarantino*, the defendant argued he was entitled to the discovery of the statements of an unindicted co-conspirator who was not called to testify. Under Federal Rule of Evidence 801(d)(2)(E), a co-conspirator's statements made in furtherance of a conspiracy are attributed to all conspiracy defendants and are admissible against each conspiracy defendant as if the statement were the defendant's own statement. Because a co-conspirator's statement is admissible as if it were the defendant's own statement, the *Tarantino* defendant argued the co-conspirator's statements should be discoverable as defendant's statements are under Federal Rules of Criminal Procedure 16. *Id.* at 1417. The court rejected this argument, holding that the phrase "'statements made by the defendant' does not include statements made by co-conspirators of the defendant, even if those statements can be attributed to the defendant for purposes of the rule against hearsay." *Id.* at 1418. This is the same argument presented by the Defendant, and the Court declines to accept it.

The Seventh Circuit relied in part on *Tarantino* to hold that there is no presumption of disclosure of all relevant documents, and that a defendant is entitled to disclosure only as far as the rules and statutes require it. *United States v. Rivera*, 6 F.3d 431, 441 (7th Cir. 1993) (holding that government was not required to disclose statements of a co-defendant who was not a government witness because no legal authority required disclosure). The Defendant in this case has not pointed to any legal authority requiring the disclosure of a co-conspirator's statements, and the precedents of which the Court is aware hold no disclosure is required.

For these reasons, the Defendant's motion to compel [DE 41, 45] is DENIED.

SO ORDERED on November 22, 2006.

　　　　　　　　　　　　　　　　　　s/ Theresa L. Springmann　　　　　
　　　　　　　　　　　　　　　　　THERESA L. SPRINGMANN
　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT COURT